### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN INTERSTATE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MID-CON ENERGY SERVICES, INC., and )<br>MID-CON ENERGY SERVICES, LLC, )<br>)<br>Defendants. ) | Case No. CIV-24-1080-SLP |

### **O R D E R**

Upon review of the Complaint [Doc. No. 1] and the Joint Status Report [Doc. No. 12], the Court finds the existing record insufficient to support the existence of federal subject matter jurisdiction based on diversity of citizenship.[1] In particular, Plaintiff fails to allege: (1) what kind of legal entity it is (e.g., corporation or limited liability company), which dictates whether its citizenship is based on its principal place of business and state of incorporation, or the citizenship of its members; and (2) the citizenship of the members of Defendant, Mid-Con Energy Services, LLC. *See Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, --- F.4th ----, 2025 WL 38117, at *5 (10th Cir. Jan. 7, 2025) ("The citizenship of an unincorporated entity—like an LLC—is derived from the citizenship of all the entity's members."); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233,

---

[1] "[F]ederal courts unquestionably 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1260 (10th Cir. 2018) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

1234 (10th Cir. 2015).  Therefore, Plaintiff has failed to carry its burden, as the party invoking federal jurisdiction, to establish the existence of complete diversity of citizenship between the parties.

The Court further notes that Defendants Mid-Con Energy Services, Inc. and Mid-Con Energy Services, LLC have failed to file their respective corporate and LLC disclosure statements.  *See* Fed. R. Civ. P. 7.1 (a party must file its corporate disclosure statement with its first filing in the case); *see also* LCvR7.1.1 ("A party formed as a limited liability company ('LLC') or partnership shall, concurrently with its first filing in the case, file a separate 'Disclosure Statement Identifying Constituents of LLC or Partnership,' identifying the LLC's members or the partnership's partners, as applicable.").  The Court directed Defendants to file their disclosure statements by January 9, 2025, and they failed to do so.

IT IS THEREFORE ORDERED that Defendants shall file their corporate and LLC disclosure statements within seven days of the date of this Order.  Failure to timely comply may result in the imposition of sanctions.

IT IS FURTHER ORDERED that Plaintiff shall file an amended complaint to include sufficient factual allegations demonstrating diversity jurisdiction within fourteen days of the date of this Order.  Plaintiff's failure to comply with this Order may result in this case being dismissed without prejudice.

IT IS SO ORDERED this 13th day of January, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE