IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN INTERSTATE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MID-CON ENERGY SERVICES, INC., and )<br>MID-CON ENERGY SERVICES, LLC, )<br>)<br>Defendants. ) | Case No. CIV-24-1080-SLP |

## **O R D E R**

Upon review, the Disclosure Statement [Doc. No. 20] filed by Defendant Mid-Con Energy Services, LLC (Mid-Con LLC) remains deficient and fails to comply with Federal Rule of Civil Procedure 7.1. This was the third opportunity the Court has afforded Mid-Con LLC to file a proper disclosure statement. *See* Order [Doc. No. 18]. In lieu of holding a hearing or status conference, however, the Court will allow Mid-Con LLC a fourth opportunity to properly disclose its citizenship.[1]

To that end, the Court takes this opportunity to describe Mid-Con LLC's disclosure obligation in more detail. "In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a)," a party's disclosure statement "must name--and identify the

---

[1] The Court notes at the outset there is some apparent confusion regarding the appropriate format for Mid-Con LLC's disclosure. Mid-Con LLC has twice utilized the Court's form "Corporate Disclosure Statement" which does not contain space or a requirement for the LLC disclosures required here. Accordingly, to eliminate confusion, Mid-Con LLC does not need to utilize the Court's form, and it is encouraged to file its LLC disclosures in a format more suitable to the information required.

citizenship of--every individual or entity whose citizenship is attributed to that party[.]" Fed. R. Civ. P. 7.1(a)(2).

A limited liability company or other noncorporate entity "takes on the citizenship of each of its owners." Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n. 2 (10th Cir. 2021) (internal quotation marks and citation omitted)). In other words, Defendant must "proceed[] through each layer until a corporation's or natural person's citizenship [is] identified." *Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, 125 F.4th 1000, 1009 (10th Cir. 2025) (emphasis added).[2]

In its filing, Mid-Con LLC included an exhibit entitled "Identification of Parent, Grandparent, Great-Grandparent, etc. Entities." [Doc. No. 20-1]. That exhibit traces the first few layers of Mid-Con LLC's ownership through various LLC's, but it is missing crucial information relevant to its citizenship, and it includes other information that is entirely irrelevant.

For example, the disclosure states that PowerGrid Services HoldCo, LLC and PowerGrid Services Investments, LLC are owned in part by Gillette Holdco, Inc., but it fails to state Gillette Holdco. Inc.'s citizenship (i.e., state of incorporation and principal

---

[2] A corporation's citizenship is based on its principal place of business and its state of incorporation. *See* 28 U.S.C. § 1332(c))(1). An individual's citizenship is based on their domicile. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

place of business).³  *See id.*  Similarly, the disclosure states MC Elite II, LLC is wholly owned by Bobby Garrett, but it does not set forth Mr. Garrett's domicile, and putting "(OK)" is wholly insufficient.⁴  *Id.*  Mid-Con LLC also lists Sterling Group Partners V. L.P. as an owner but does not disclose the citizenship of its partners.  *Id.*  The disclosure further lists Employee Investors as an owner, but it does not identify what kind of entity that is, which would allow the Court to assess what information is relevant for its citizenship.  *See id.*

The organizational chart Mid-Con LLC attaches [Doc. No. 20-2] fares no better, and it includes even more irrelevant information.  Accordingly, Mid-Con LLC is directed to review the authority cited above and file an amended LLC disclosure statement providing all information necessary to determine its states of citizenship.  *See* Fed. R. Civ. P. 7.1(a)(2).  Again, Mid-Con LLC should not use the form "Corporate Disclosure Statement", nor should it use the format in either exhibit [Doc. Nos. 20-1, 20-2].  Instead, Mid-Con LLC should simply describe the members or partners of each noncorporate entity in its organizational structure until it reaches a corporation or a natural person, and then set forth their citizenship as explained above.

IT IS THEREFORE ORDERED that Mid-Con LLC shall, within seven (7) days of the date of this Order, file an amended LLC disclosure statement setting forth its citizenship

---

³ Assuming "PowerGrid Services V Blocker Corp." is also a corporation, the disclosure should similarly list its state of corporation and principal place of business.

⁴ Mid-Con LLC includes many state abbreviations for noncorporate entities in parentheses, which are irrelevant and only cause further confusion.

for purposes of diversity jurisdiction as explained above.  Failure to comply may result in the imposition of sanctions.

    IT IS SO ORDERED this 3rd day of February, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

4